**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY WESLEY S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 20-1344-SVW (JPR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Under 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record, and all other records on file as well as the Report and Recommendation of U.S. Magistrate Judge. On March 1, 2022, Plaintiff filed Objections to the R. & R., in which he mostly simply repeats arguments from the Joint Stipulation that the Magistrate Judge already addressed.[1]  A few of his contentions warrant further discussion, however.

The Magistrate Judge found that the ALJ gave specific and

---

[1] Defendant did not respond to Plaintiff's Objections despite being given the opportunity to do so.

1


Case 5:20-cv-01344-SVW-JPR   Document 27   Filed 04/15/22   Page 2 of 4   Page ID #:2609

legitimate reasons to discount the medical-opinion evidence. (See R. & R. at 21-30.)  Plaintiff doesn't challenge that finding.  (See Objs. at 2-4.)  He instead argues that she incorrectly found that the examining consultants' opinions amounted to substantial evidence.  (Id. at 2-3.)  In Plaintiff's view, when an examining doctor "describ[es] the same or similar findings" as a treating doctor — "even on independent examination" — and differs only in her conclusions, that doctor's conclusions don't amount to substantial evidence.  (Id. at 2 (citing Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).)

   That is incorrect.  Orn explains that an examining doctor's opinion amounts to substantial evidence when it is based on "independent clinical findings," which "can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered."  Id. (citations omitted).  Only one or the other is required, not both.

   As the Magistrate Judge correctly found, the examining consultants made findings based on their own independent tests (see R. & R. at 20 (citing AR 712-13, 1024-28)), and nothing suggests that Plaintiff's treating doctor considered them.  The treating doctor's opinion was therefore not entitled to controlling weight.  (See id. (citing Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001))); see also Knealy P. v. Kijakazi, No. 20-cv-0984-AJB-BGS, 2022 WL 563237, at *11 (S.D. Cal. Feb. 24, 2022) (noting "some similarities" between doctors' clinical findings but holding that examining physician's opinion

2

was substantial evidence because he based it on exam that treating doctor hadn't considered).

Plaintiff also complains, again, that remand is warranted because the ALJ did not specifically address all the factors in 20 C.F.R. §§ 404.1527 and 416.927 in assessing the various doctors' opinions. (See Objs. at 3-4.) But as the Magistrate Judge noted (see R. & R. at 20-21 (citing applicable law and AR 1256)), she was not required to.

Next, despite Plaintiff's arguments to the contrary, the Magistrate Judge correctly found that the ALJ accounted for Plaintiff's mental limitations by limiting him to tasks that could be learned by demonstration within 30 days, relying in part on Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). (See R. & R. at 34.) Plaintiff argues that unlike in Stubbs-Danielson, "no medical opinions" found that he had "moderate limitations in concentration, persistence, or pace but [was] only mentally limited to tasks that can be learned in 30 days." (Objs. at 4-5.) But the Magistrate Judge cited evidence — including medical-opinion evidence — showing that he had normal intellectual function and thinking, could perform simple and multistep directions, and controlled his condition with medicine. (See R. & R. at 34.) Unlike the cases cited in Plaintiff's portion of the Joint Stipulation (see Objs. at 5), the evidence here doesn't establish that he had even moderate mental limitations (see R. & R. at 35). The ALJ didn't err. (See id. (citing Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004)).)

3

Finally, Plaintiff reiterates that the ALJ allegedly erred in assessing his subjective symptoms. (See Objs. at 5-7.)  As the Magistrate Judge found, however, she didn't. (See R. & R. at 39-43.)  And contrary to Plaintiff's claims (see Objs. at 5), the ALJ did in fact discount his allegations as inconsistent with his receipt of unemployment benefits and his improved condition (see AR 1251-52 (finding that evidence didn't support Plaintiff's allegations and noting unemployment benefits), 1254 (finding that record showed that Plaintiff's "symptoms improved or were stable with medication and counseling")).  Those were not merely post hoc arguments made by Defendant. See Chester v. Berryhill, No. 2:15-CV-1724 JCM (PAL), 2019 WL 148396, at *1-2 (D. Nev. Jan. 8, 2019) (finding that reasons in R. & R. tracked those in ALJ's decision to support discounting plaintiff's symptom statements and thus were not post hoc).

Having reviewed de novo those portions of the R. & R. to which Plaintiff objects, the Court accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that judgment be entered affirming the Acting Commissioner's decision and dismissing this action with prejudice.

DATED: ___April 15, 2022___    _____
                                STEPHEN V. WILSON
                                U.S. DISTRICT JUDGE

4